# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

| | |
|---|---|
| **VIRGINIA ARLENE GOFORTH,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Civil Action No. 1:09-0003 |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 5, 2009, Plaintiff, acting *pro se,* filed her Complaint in this matter claiming entitlement to monetary damages under 42 U.S.C. §1983 and 28 U.S.C. § 2241.[1] (Document No. 1.) Plaintiff names the following as defendants: (1) the United States of America; (2) the Federal Bureau of Prisons; (3) United States Attorney General, Michael B. Mukasey; (4) United States Inspector General; (5) Harley G. Lappin, Director of Bureau of Prisons; (6) Newton Kending, Bureau of Prisons Medical Director; (7) Amber Nelson, Warden, Alderson Federal Prison Camp; (8) Alice Lowe, Associate Warden; (9) Alan Blankenship, Health Administrator of Health Services Unit; (10) Neal Rehburg, Doctor of Osteopathy; (11) Debra Hickey, 2006 Warden; (12) Donna Saffold, 2006 Associate Warden; (13) Vicki Dupree, Captain; (14) J. Engleman, Unit Manager; (15) Cynthia Godbold, 2006 Unit Manager; (16) the United States Department of Justice; and (17) the United States Sentencing Guideline Commission. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff alleges that the conditions of confinement at FPC Alderson resulted in cruel and unusual punishment.[2] During her incarceration at FPC Alderson, Plaintiff contends that Defendants acted with deliberate indifference concerning her medical care and overall well-being. Specifically, Plaintiff contends that Defendants acted with negligence and deliberate indifference concerning the following: (1) Proper nutrition; (2) Skin lesion on Plaintiff's nose; (3) Injury to Plaintiff's left hip, shoulder, and thoracic spine as a result of a slip and fall; (4) Proper dental care; (5) Drug withdrawals by prisoners; (6) Administration of vitamin B12 injections on a regular schedule; (7) Treatment of health problems disclosed upon arrival at FPC Alderson; and (8) Complaints of pain and suffering. (Id., pp. 4 - 5.) Plaintiff contends that BOP staff are "carelessly and openly negligent resulting in many accidents . . . this coupled with brazen willful indifferent attitude, and them against us mentality, results in constructive and actual punishment over and over." (Id., p. 12.) Plaintiff alleges that the "deprivation of proper food, exercise (rehabilitative), medical care, and reasonable safety, and the deliberate indifference of the defendants (staff) in concern to these and other deprivation, is explicitly the type of conduct forbidden by the 8th Amendment." (Id., p. 20.) As a result of the above, Plaintiff contends that she "suffered and suffers yet, from pain, fatigue, and emotional grief and stress." (Id., p. 12.) Plaintiff requests "$2.9 million dollars in relief" and "seeks punitive damages in the amount of $1.9 million dollars, to discourage future willful indifference, negligence, and cruel misconduct." (Id., p. 24.)

By separate Order, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2.) and required the Clerk to issue process pursuant to Rule 4

---

[2] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on December 11, 2008.

of the Federal Rules of Civil Procedure upon the United States regarding Plaintiff's FTCA claim based upon her alleged slip and fall at FPC Alderson. The undersigned will address Plaintiff's remaining claims of constitutional violations brought pursuant to Section 1983 and Section 2241, in this Proposed Findings and Recommendation.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981)(*in forma pauperis* complaint threatening violence or containing disrespectful references to the Court may be dismissed as malicious.); Phillips v. Carey, 638 F.2d

207 (10th Cir. 1981), cert denied, 450 U.S. 985, 101 S.Ct. 1524, 87 L.Ed.2d 821 (1981). Thus, a complaint is malicious under Section 1915(d) if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by relitigating claims decided in prior cases. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Therefore, the actions and conduct of federal agencies, officers and employees are not actionable under Section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(a claim for relief under Section 1983 may be made only against persons who acted under color of state law). Rather, claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because the Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983.

Furthermore, Plaintiff claims are not cognizable under Section 2241 because she is challenging the conditions of her confinement. A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is

appropriate where the prisoner challenges the fact or length of her confinement, but generally not the conditions of that confinement.[3] See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). Therefore, the undersigned will construe and consider Plaintiff's claims under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[4] The United

---

[3] The undersigned further notes that the Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on December 11, 2008. Accordingly, any potential claim Plaintiff might have under Section 2241 is render moot by her release from custody. *See e.g.*, *Alston v. Adams*, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); *Alvarez v. Conley*, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D.W.Va.).

[4] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their

States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See

---

official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of

7

mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical treatment caused unnecessary pain or the worsening of his condition. Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."); Cameron v. Sarraf, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

**A.     Medical Treatment:**

The allegations contained in Plaintiff's Complaint do not present a claim of constitutional

magnitude. The undersigned finds that Plaintiff's general allegation that Defendants failed to provide adequate medical treatment is insufficient to state a claim under the Eight Amendment. An assertion of mere negligent conduct or malpractice is not enough to constitute an Eight Amendment violation. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990). Although inmates are clearly entitled to reasonable medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs" to establish a claim under the Eight Amendment. Estelle, 429 U.S. at 105, 97 S.Ct. at 286. The undersigned first finds that under an objective standard, Plaintiff fails to allege a "sufficiently serious" deprivation of medical care resulting in a "serious or significant physical or mental injury." Plaintiff merely makes a conclusory allegation that Defendants acted with negligence and deliberate indifference concerning her and other inmates' medical treatment. Plaintiff states that Defendants "chose [to] impos[e] deprivation and discomfort upon plaintiff."[5] (Document No. 1, p. 15.) Plaintiff does not allege that she was at risk of death or permanent disability, or suffered continuous severe pain due to the lack of medical treatment. Plaintiff complains that she "was assured by public policy that she would be cared for in a manner comparable to that of the community." (Document No. 1, p. 13.) The undersigned notes, however, that an inmate is not entitled to the best possible care, only reasonable care. Geoff v. Bechtold, 632 F.Supp. 697, 698 (S.D.W.Va. 1986). Thus, it appears that Plaintiff simply disagrees with the appropriate course of treatment. An inmate's disagreement with her medical care or her course of treatment for an objectively serious medical injury generally will not constitute a sufficient basis for

---

[5] As stated above, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. at 349, 101 S.Ct. at 2400.

a constitutional claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Second, Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege each Defendant's consciousness of the risk of harm to her. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that Defendants knew of and disregarded an excessive risk to her health or safety. Plaintiff does not assert that she requested "sick call" or sought medical treatment. Plaintiff merely contends that "[t]here can be no question that the defendants owed plaintiff Goforth a duty of care under the circumstances." (Document No. 1, p. 22.) Further, there is no indication in Plaintiff's Complaint that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, or that Defendants drew that inference. Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens. Plaintiff's Complaint must therefore be dismissed.

**B.      Slip and Fall Claim:**

Plaintiff claims that Defendants were aware of a slip and fall hazard and "fail[ed] to act with due care and dereliction of duty to provide a safe environment." (Document No. 1, p. 19.) To the extent Plaintiff is seeking relief under Bivens, Plaintiff's claim is not cognizable because she cannot prove that Defendants deprived her of a right protected by the Constitution or the laws of the United States. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement guided by "contemporary standards of decency." Plaintiff, however, claims that she slipped and fell as a consequence of the Defendants' negligence or recklessness. It is well established that negligent or reckless conduct of prison officials is not actionable under Bivens. See

Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986)("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to, life, liberty, or property." (Emphasis in decision.)); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995)("[N]egligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983 . . .."). Accordingly, the undersigned finds that the facts and circumstances alleged by Plaintiff cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) as to Plaintiff's claims asserted under Bivens, and **REFER** this matter back to the undersigned for further proceedings regarding Plaintiff's FTCA claim.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

    The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

    Date: August 11, 2009.

                                            R. Clarke VanDervort
                                            United States Magistrate Judge