IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

VIRGINIA ARLENE GOFORTH, et al.,

    Plaintiffs,

v.                                    CIVIL ACTION NO. 1:09-0003

UNITED STATES OF AMERICA,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on August 31, 2010, in which he recommended that the district court grant the United States' Motion to Dismiss (doc. # 15), and refer this matter back to him for further proceedings regarding plaintiff's Bivens claim.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed objections to the PF&R.[1]  The court has conducted a de novo review of plaintiff's complaint and her objections to the magistrate judge's PF&R.

## I.   Factual and Procedural Background

On January 5, 2009, Virginia Arlene Goforth, a former inmate at Alderson Federal Prison Camp, and her husband, filed their Complaint in this matter alleging claims under the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Goforth alleges that, during her confinement at FPC Alderson, she was subjected to cruel and unusual punishment in that defendants acted with deliberate indifference concerning her medical care and overall well-being.  Of particular importance to the instant motion to dismiss, Goforth contends that defendants acted with negligence and deliberate indifference concerning an injury to her left hip, shoulder, and thoracic spine as a result of a slip and fall.  Goforth requests "$2.9 million dollars in relief" and "seeks punitive damages in the amount of $1.9 million dollars, to discourage future willful indifference, negligence, and cruel misconduct."  Goforth's husband seeks damages for loss of consortium.

---

[1] On September 10, 2010, plaintiff requested additional time in which to file objections to the PF&R.  By Order entered September 15, 2010, the court granted plaintiff's motion in part and she was given until September 24, 2010, to file her objections.

On September 24, 2009, the United States filed the instant motion to dismiss arguing that Plaintiffs' Complaint should be dismissed because Goforth's multiple tort claims are barred by the Inmate Accident Compensation Act, 18 U.S.C. § 4126, as she was injured when she was working cottage maintenance cleaning the showers at FPC Alderson on November 7, 2006. Alternatively, the United States argues that Goforth's claims of negligent medical treatment are covered by the West Virginia Medical Professional Liability Act (MPLA), W.Va. Code § 55-7B-1 et seq., and that her failure to comply with the prerequisites for filing suit under the MPLA mandates dismissal of her claims under the FTCA. Finally, the United States argues that the claim of Goforth's husband for loss of consortium should be dismissed for failure to exhaust.

## II. Discussion

*A.      Inmate Accident Compensation Act*

Goforth objects to Magistrate Judge VanDervort's finding that the Inmate Accident Compensation Act ("IACA") provides the exclusive remedy for the injuries she sustained on November 7, 2006. Because the BOP allegedly did not follow its own regulations for dealing with work-related injuries, Goforth contends that it is clear the BOP did not intend for her claim to be covered under the IACA and it should be prevented from arguing so now. Plaintiff also objects to the characterization of the

3

accident as work-related because, according to her, she was not in her work location when the accident occurred.

In a "Claim for Damage, Injury, or Death" submitted to the BOP and dated July 7, 2008, Goforth alleges:

> I was working cottege [sic] maintance [sic] cleaning the showers (2034) on range A4.  Officer Duff called for a census count and we were to go to our cubes. I was housed in cube #35.  After count was completed, I came out of my cube to return to the shower area to finish cleaning; when I got just about to the doorway of cube #60, my feet went out from under me, coming up over my head when I realized I would crack my head on concrete floor I twisted my body and fell on my left side, injuring my left shoulder, left hip, upper thoracic and lower lumbar spine.

Exhibit A to Unites States' Motion to Dismiss.  The United States argues that said injury was work-related while Goforth contends (albeit somewhat belatedly) that her injury was not work-related because she was merely traveling to her job at the time of the accident.  Magistrate Judge VanDervort agreed with the government that Goforth's injury fell within the IACA.

The IACA provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4).  Federal prisoners, therefore, cannot recover under the FTCA for work-related injuries as "the IAC workers compensation system is the exclusive means of compensation for injuries suffered by inmates" in work-related incidents.  <u>Codianni-Robles v. United</u>

States, 2005 WL 2098837, *2 (D. Conn. 2005); see also United

States v. Demko, 385 U.S. 149, 152-54 (1966) ("Until Congress

decides differently we accept the prison compensation law as an

adequate substitute for a system of recovery by common-law

torts.").  Recovery is barred under the FTCA for the work-related

injury itself and for the negligent treatment of that injury.

Vander v. U.S. Dept. of Justice, 268 F.3d 661, 663-64 (9th Cir.

2001).  A "work-related injury" is "defined to include any injury

including occupational disease or illness proximately caused by

the actual performance of the inmate's work assignment."  28

C.F.R. § 301.102(a). "[T]he cause of the injury is irrelevant so

long as the injury itself occurred while the prisoner was on the

job."  Aston v. United States, 625 F.2d 1210, 1211 (5th Cir.

1980).

        The IACA "is patterned after 'compensation laws all over

the country,' with differences to accommodate the differing

circumstances of prisoners and nonprisoners."  Baynes v. United

States, 2008 WL 4613563, *2 (6th Cir. 2008) (quoting Demko, 385

U.S. at 152).  A typical feature of workers' compensation law is

the "coming and going rule" which, with certain exceptions,

excludes from coverage accidents occurring while an employee is

going to or leaving work.  Id. at *2-3.  The IACA regulations

contain such a rule, providing that "compensation shall not be

paid for injuries suffered away from the work location (e.g.,

while the claimant is going to or leaving work, or going to or

coming from lunch outside of the work station or area."  28 C.F.R.

§ 301.301(c).

Goforth contends that she was going to her job site at the

time of her accident and there is some evidence in the record to

support her contention.  See Exhibit A to Unites States' Motion to

Dismiss.  For this reason, the United States' motion to dismiss

based on the IACA should be denied because it has not conclusively

shown that Goforth's injury on November 7, 2006, was work-related.

See Codianni-Robles v. United States, 2005 WL 2098837, *2-3 (D.

Conn. 2005).  The United States may renew its motion if it becomes

clear that Goforth's injuries were work-related.

B.      *West Virginia Medical Professional Liability Act ("MPLA")*

The Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§ 1346(b)(1), provides in pertinent part:

> [T]he district courts . . . shall have exclusive
> jurisdiction of civil actions on claims against the
> United States, for money damages . . . for injury or
> loss of property, or personal injury or death caused
> by the negligent or wrongful act or omission of any
> employee of the Government while acting within the
> scope of his office or employment, under
> circumstances where the United States, if a private
> person, would be liable to the claimant in
> accordance with the law of the place where the act
> or omission occurred.

An inmate "can sue under the FTCA to recover damages from the

United States Government for personal injuries sustained during

confinement in a federal prison, by reason of the negligence of a

6

government employee."  United States v. Muniz, 374 U.S. 150, 150

(1963).  The FTCA holds the United States liable "to the same

extent as a private individual under like circumstances."  28

U.S.C. § 2674; United States v. Orleans, 425 U.S. 807, 813 (1976).

    "Under the FTCA, West Virginia law governs this action. In

West Virginia, the Medical Professional Liability Act ("MPLA")

controls medical malpractice claims."  Dreenen v. United States,

2010 WL 1650032, *2 (4th Cir. 2010); Callahan v. Cho, 437 F. Supp.

2d 557, 561 (E.D. Va. 2006); Stanley v. United States, 321 F.

Supp. 2d 805, 808-09 (N.D.W. Va. 2004); Osborne v. United States,

166 F. Supp. 2d 479, 496-97 (S.D.W. Va. 2001); Bellomy v. United

States, 888 F. Supp. 760, 764-65 (S.D.W. Va. 1995).

    The MPLA provides that in order to bring such a claim, a

plaintiff must prove that:

> (1) The health care provider failed to exercise that
> degree of care, skill and learning required or
> expected of a reasonable, prudent health care
> provider in the profession or class to which the
> health care provider belongs acting in the same or
> similar circumstances; and
>
> (2) Such failure was a proximate cause of the injury
> or death.

W. Va.Code § 55-7B-3(a).  When a medical negligence claim involves

an assessment of whether the plaintiff was properly diagnosed and

treated, or whether the health care provider was the proximate

cause of the plaintiff's injuries, expert testimony is required.

Banfi v. American Hosp. for Rehabilitation, 539 S.E.2d 600, 605-06

(W. Va. 2000).[2]

Additionally, under West Virginia Code § 55-7B-6, certain

requirements must be met before a person may even file an action

against a health care provider.  This section provides in

pertinent part:

> (a) Notwithstanding any other provisions of this
> code, no person may file a medical professional
> liability action against any health care provider
> without complying with the provisions of this
> section.
>
> (b) At least thirty days prior to the filing of a
> medical professional liability action against a
> health care provider, the claimant shall serve by
> certified mail, return receipt requested, a notice
> of claim on each health care provider the claimant
> will join in litigation. The notice of claim shall
> include a statement of the theory or theories of
> liability upon which a cause of action may be based,
> and a list of all health care providers and health
> care facilities to whom notices are being sent,
> together with a screening certificate of merit. The
> screening certificate of merit shall be executed
> under oath by a health care provider qualified as an
> expert under the West Virginia rules of evidence and
> shall state with particularity: (1) the expert's
> familiarity with the applicable standard of care in
> issue; (2) the expert's qualifications; (3) the
> expert's opinion as to how the applicable standard
> of care was breached; and (4) the expert's opinion
> as to how the breach of applicable standard of care

---

[2]   "West Virginia law stipulates that medical experts must
establish the applicable standard of care in medical malpractice
cases.  W. Va. Code § 55-7B-7(a).  The only exceptions to this
requirement, where the breach of duty is so gross as to be
apparent or the standard is within the common knowledge of lay
jurors, are the same as the exceptions to the medical certificate
requirement."  Callahan v. Cho, 437 F. Supp. 2d 557, 564 (E.D.
Va. 2006).

> resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the Rules of Civil Procedure.

W. Va. Code § 55-7B-6.  Courts have held that a plaintiff's failure to adhere to the pre-filing requirements of the MPLA warrants dismissal.  See, e.g., Callahan v. Cho, 437 F. Supp. 2d 557, 565 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 809 (N.D.W. Va. 2004)

In her objections, plaintiff does not argue that she has complied with the pre-filing requirements of the MPLA.  And, to the extent that she argues they are inapplicable to her claims under the FTCA, that argument is without merit.  See Dreenen v. U.S., 2010 WL 1650032, *2 (4th Cir. 2010).  Furthermore, the injuries she complains of are not within the understanding of lay jurors by resort to common knowledge and experience and, accordingly, she is not excused from filing a screening certificate of merit.  Therefore, because this court finds that plaintiff has not complied with the requirements of West Virginia Code § 55-7B-6, the dismissal of her FTCA claim, to the extent it alleges medical malpractice, is appropriate.

9

25

## III.   Conclusion

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations except as modified herein.  Accordingly, the court hereby **GRANTS** the United States' Motion to Dismiss in part and **DENIES** it in part and refers this matter back to Magistrate Judge VanDervort for further proceedings consistent with this opinion and plaintiff's <u>Bivens</u> claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 29th day of September, 2010.

ENTER:

David A. Faber
Senior United States District Judge