IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

VIRGINIA ARLENE GOFORTH, et al.,

Plaintiffs,

v. CIVIL ACTION NO. 1:09-0003

UNITED STATES OF AMERICA,
et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on November 23, 2010, in which he recommended that the district court grant the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. # 37) as to defendants Lappin, Kendig, Nelson, Lowe, Blankenship, Rehburg, Hickey, Saffold, Dupree, Engleman, and Godbold, and refer this matter back to him for further proceedings regarding plaintiff's FTCA claim.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de

novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Plaintiff timely filed objections to the PF&R.[1] The court has conducted a de novo review of plaintiff's complaint and her objections to the magistrate judge's PF&R.

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

The majority of plaintiff's "objections" go well beyond the scope of the PF&R and do not direct the court to any specific error. For example, a significant portion of plaintiff's objections discuss various provisions applicable to negligence actions, including res ipsa loquitur, duty, foreseeability, etc.

---

[1] On December 3, 2010, plaintiff requested additional time in which to file objections to the PF&R. By Order entered December 8, 2010, the court granted plaintiff's motion and she was given an additional thirty days to file her objections.

The PF&R did not take up plaintiff's FTCA claim and, therefore, any discussion regarding negligence and/or her FTCA claim is nonresponsive to the PF&R. Other parts of plaintiff's filing mention concepts that have no bearing on the PF&R or her case in general. For example, she discusses basic contract principles, Title VII, and arbitration agreements.

In response to Magistrate Judge VanDervort's conclusion that the individual defendants should be dismissed based on insufficient service of process, Goforth contends:

> The defendants were timely put on notice, which the law requires and what Congress was concerned with when it instigated the due process clause, therefore, type of service is not of concern because there were not taken by surprise with no time to prepare for court, and is merely punishing for a technicality.

Objections at p.13.

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Federal Rule of Procedure 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W. Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. However, "when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and

uphold the jurisdiction of the court." Tabor v. Potter, 2009 WL 1764527, *1 (M.D.N.C. 2009).

In this case, Magistrate Judge VanDervort instructed plaintiff to serve the defendants and alerted her to the proper rule containing instructions for doing so. Plaintiff offers no reason for her failure to serve defendants properly. "[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, plaintiff's objection is OVERRULED.

The only other objection that appears to be responsive to the PF&R is some argument regarding the extent of plaintiff's medical condition. Magistrate Judge VanDervort found that the conduct of which plaintiff complains did not rise to the level of deliberate indifference. Plaintiff argues otherwise. Having carefully considered plaintiff's objections in this regard, the court agrees with Magistrate Judge VanDervort that defendants were not deliberately indifferent to plaintiff's medical needs. Accordingly, her objections are OVERRULED.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **GRANTS** the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. # 37) as to

defendants Lappin, Kendig, Nelson, Lowe, Blankenship, Rehburg, Hickey, Saffold, Dupree, Engleman, and Godbold, and **REFERS** this matter back to him for further proceedings regarding plaintiff's FTCA claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 29th day of March, 2011.

ENTER:

David A. Faber
Senior United States District Judge