## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**VIRGINIA ARLENE GOFORTH, *et al.*,**          )
                                                    )

           **Plaintiffs,**          )
**v.**          )          **Civil Action No. 1:09-0003**

                                                    )
**UNITED STATES OF AMERICA, *et al.*,**          )

                                                    )
           **Defendants.**          )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court are the following Motions: (1) The United States' "Motion to Dismiss Loss of Consortium Claim for Lack of Subject Matter Jurisdiction" (Document No. 97.), filed on May 7, 2012; and (2) The United States' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 120), filed on August 9, 2012. Having examined the record and considered the applicable law, the undersigned has concluded that the United States' Motions should be granted.

## FACTUAL AND PROCEDURAL HISTORY

On January 5, 2009, Plaintiff, acting *pro se,* filed her Complaint in this matter claiming entitlement to monetary damages under 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff named the following as Defendants: (1) the United States of America; (2) the Federal Bureau of Prisons; (3) United States Attorney General, Michael B. Mukasey; (4) United States Inspector General; (5) Harley G. Lappin, Director of Bureau of Prisons; (6) Newton Kendig, Bureau of Prisons Medical Director; (7) Amber Nelson, Warden, Alderson Federal Prison Camp; (8) Alice Lowe, Associate Warden; (9)

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Alan Blankenship, Health Administrator of Health Services Unit; (10)Neal Rehburg, Doctor of Osteopathy; (11) Debra Hickey, 2006 Warden; (12) Donna Saffold, 2006 Associate Warden; (13) Vicki Dupree, Captain; (14) J. Engleman, Unit Manager; (15) Cynthia Godbold, 2006 Unit Manager; (16) the United States Department of Justice; and (17) the United States Sentencing Guideline Commission. (Id.) Plaintiff alleges that the conditions of confinement at FPC Alderson resulted in cruel and unusual punishment.[2] During her incarceration at FPC Alderson, Plaintiff contends that Defendants acted with deliberate indifference concerning her medical care and overall well-being. Specifically, Plaintiff asserts that Defendants acted with negligence and deliberate indifference concerning the following: (1) Proper nutrition; (2) Skin lesion on Plaintiff's nose; (3) Injury to Plaintiff's left hip, shoulder, and thoracic spine as a result of a slip and fall; (4) Proper dental care; (5) Drug withdrawals by prisoners; (6) Administration of vitamin B12 injections on a regular schedule; (7) Treatment of health problems disclosed upon arrival at FPC Alderson; and (8) Complaints of pain and suffering. (Id., pp. 4 - 5.) Plaintiff claims that BOP staff are "carelessly and openly negligent resulting in many accidents . . . this coupled with brazen willful indifferent attitude, and them against us mentality, results in constructive and actual punishment over and over." (Id., p. 12.) Plaintiff alleges that the "deprivation of proper food, exercise (rehabilitative), medical care, and reasonable safety, and the deliberate indifference of the defendants (staff) in concern to these and other deprivation, is explicitly the type of conduct forbidden by the 8th Amendment." (Id., p. 20.) As a result of the above, Plaintiff contends that she "suffered and suffers yet, from pain, fatigue, and emotional grief and stress." (Id., p. 12.) Plaintiff requests "$2.9 million dollars in relief" and "seeks punitive damages in the amount of $1.9 million dollars, to discourage future willful indifference,

_____

[2]  The Bureau of Prisons' Inmate Locator indicates that Mrs. Goforth was released from custody on December 11, 2008.

negligence, and cruel misconduct." (<u>Id.</u>, p. 24.)

In screening Plaintiff's Complaint, the undersigned determined that Plaintiff had potentially stated a claim under the Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq*., but failed to state a cognizable claim under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Document No. 6.) By Order entered on August 11, 2009, the undersigned granted Plaintiffs' Application to Proceed Without Prepayment of Fees and ordered the Clerk to issue a Summons requiring the United States to answer or otherwise respond to Plaintiff's FTCA claim based upon her alleged slip and fall at FPC Alderson. (<u>Id.</u>) By Proposed Findings and Recommendation also entered on August 11, 2009, the undersigned recommended that Plaintiffs' <u>Bivens</u> claims be dismissed. (Document No. 7.)

On August 27, 2009, Plaintiff timely filed her "Response to Proposed Findings and Recommendations." (Document Nos. 12 and 13.) In her Response, Plaintiff stated that she agreed to the following: (1) "Plaintiff, under 42 U.S.C. 1983, agrees to withdraw the following defendants under the Court's recommendation: Federal Bureau of Prisons, U.S. Attorney General, Inspector General, U.S. Department of Justice, U.S. Sentencing Commission, and the United States of America;" and (2) "Plaintiff agrees with the Court to proceed with FTCA claim against the United States of America withdrawing all other defendants." (<u>Id.</u>) Further, Plaintiff stated additional facts in support of her <u>Bivens</u> claim and continued to argue that she was subjected to cruel and unusual punishment in violation of the Eighth Amendment. (<u>Id.</u>, pp. 3 - 13.)

By Memorandum Opinion and Order entered on April 14, 2010, United States District Judge David A. Faber adopted the undersigned's recommendation in part and referred the matter back to the undersigned for reconsideration of Plaintiff's <u>Bivens</u> claim in light of the additional facts provided

by Plaintiff in her Response. (Document No. 22.) Accordingly, the undersigned considered the additional factual information set forth in Plaintiff's Response and determined that she potentially stated a <u>Bivens</u> claim by contending that her Eighth Amendment right had been violated. (Document No. 23.) Specifically, the undersigned found as follows:

> Essentially, Plaintiff claims that Defendants knowingly delayed proper medical and psychological treatment. Although Plaintiff continuously sought medical treatment for injuries sustained in a fall at FPC Alderson, Plaintiff alleges that Defendants improperly delayed the ordering of x-rays and an MRI. Plaintiff appears to contend that Defendants misinformed Plaintiff concerning the results of her MRI in an effort to negate their responsibility to provide appropriate treatment. Plaintiff further asserts that Defendants acted with deliberate indifference by failing to provide her with a medical van pass and psychological treatment. Finally, Plaintiff claims that her vitamin B12 injection was improperly delayed by more than three months. As a result of the above, Plaintiff alleges that she was forced to endure unnecessary pain and suffering and mental distress. The allegations, which must be taken as true at this point, suggest that Defendants acted with deliberate indifference to Plaintiff's serious medical condition. The Court therefore finds that Plaintiff is claiming that Defendants violated her rights under the Eighth Amendment and her claim is remediable under <u>Bivens</u>.

By Order entered on May 10, 2010, the undersigned directed the Clerk to send the Summonses to Plaintiff and Plaintiff to serve the Summonses and Complaint pursuant to Rule 4(i) of the Federal Rules of Civil Procedure upon the following Defendants: (1) Harley G. Lappin, Director of Bureau of Prisons; (2) Newton Kendig, Bureau of Prisons Medical Director; (3) Amber Nelson, Warden of Alderson Federal Prison Camp; (4) Alice Lowe, Associate Warden; (5) Alan Blankenship, Health Administrator of Health Services Unit; (6) Neal Rehburg, Doctor of Osteopathy; (7) Debra Hickey, 2006 Warden; (8) Donna Saffold, 2006 Associate Warden; (9) Vicki Dupree, Captain; (10) J. Engleman, Unit Manager; and (11) Cynthia Godbold, 2006 Unit Manager. (Document Nos. 23 and 24.)

On September 24, 2009, the United States filed its Motion to Dismiss and Memorandum in Support concerning Plaintiff's FTCA claim. (Document Nos. 15 and 16.) The United States argued

that Plaintiffs' Complaint should be dismissed because (1) Mrs. Goforth's "multiple tort claims are barred by 18 U.S.C. § 4126 (Compensation Act) as she was injured when she was working cottage maintenance cleaning the showers at FPC Alderson on November 7, 2006" (Document No. 15, pp. 1 - 2.); (2) Alternatively, Mrs. Goforth's "claims of negligent medical treatment are covered by the West Virginia Medical Professional Liability Act (MPLA), W.Va. Code § 55-7B-1 et seq. (2003), which required that a plaintiff provide the United States with notice of a claim and screening certificate of merit prior to suit" (Id., pp. 2 - 3.); and (3) Mr. Goforth "has filed no administrate tort claim, and therefore the court lacks subject matter jurisdiction over any claims . . . including loss of consortium" (Id., p. 3.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiffs on September 29, 2009, advising them of their right to file a response to the United States' Motion to Dismiss. (Document No. 17.) On October 27, 2009, Mrs. Goforth filed her "Responses to the United States' Motion to Dismiss." (Document Nos. 18 and 19.) On October 30, 2009, the United States filed its Reply. (Document No. 20.) By Proposed Findings and Recommendation entered on August 31, 2010, the undersigned recommended that the United States' Motion to Dismiss be granted and Plaintiffs' FTCA claim be dismissed. (Document No. 42.) By Memorandum Opinion and Order entered on September 29, 2010, District Judge Faber granted in part and denied in part the United States' Motion to Dismiss and referred the matter back to the undersigned "for further proceedings consistent with this opinion and plaintiff's Bivens claim." (Document Nos. 46 and 47.) District Judge Faber denied the Motion to Dismiss based upon the Inmate Accident Compensation Act finding that it is "not conclusively shown that Goforth's injury on November 7, 2006, was work-related." (Id., pp. 3 - 6.) To the extent Plaintiff was alleging medical malpractice, District Judge Faber granted the United States' Motion to Dismiss. (Document No. 46, pp. 6 - 9.)

5

On August 13, 2010, Defendants filed a Motion to Dismiss, or in the Alternative Motion for Summary Judgment and Memorandum in Support concerning Plaintiff's <u>Bivens</u> claim. (Document Nos. 37 and 38.) Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 16, 2010, advising her of the right to file a response to the Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment. (Document No. 39.) On October 15, 2010, Plaintiff filed her "Response to Motion to Dismiss and Summary Judgment" (Document No. 49.) and Memorandum of Law (Document No. 49-3.) By Proposed Findings and Recommendation entered on November 23, 2010, the undersigned recommended that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be granted and Plaintiff's <u>Bivens</u> claim be dismissed. (Document No. 50.) On January 11, 2011, Plaintiff filed her objections. (Document No. 53.) By Memorandum Opinion and Order entered on March 29, 2011, District Judge Faber adopted the undersigned's recommendation, dismissed Plaintiff's <u>Bivens</u> claim, and referred the matter back to the undersigned for further proceedings concerning Plaintiff's FTCA claim. (Document Nos. 54 and 55.)

On March 30, 2011, the undersigned entered a Scheduling Order regarding Plaintiff's FTCA claim directing that all discovery be completed by July 1, 2011, and all dispositive motions be filed by August 1, 2011. (Document No. 56.) Plaintiff filed her Notice of Appeal on April 12, 2011, approximately thirteen days after the Court entered its Scheduling Order. (Document Nos. 57 and 61.) On July 5, 2011, Plaintiff filed an Amended Complaint without obtaining leave of the Court or written consent from Defendants.[3] (Document No. 69.) On July 6, 2011, the United States filed its

---

[3] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend her pleadings "once as a matter of course within: (A) 21 days after serving it . . .." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Answer to Plaintiff's original Complaint. (Document No. 67.) Also on July 6, 2011, the United States filed a Motion to "Stay Scheduling Order" requesting "the entry of an order staying the Scheduling Order due to the Notice of Appeal filed by plaintiff." (Document No. 68.) On July 7, 2011, the United States filed its Answer to Plaintiff's Amended Complaint. (Document No. 71.) By Order entered on July 14, 2011, the undersigned granted the United States' Motion to Stay Scheduling Order. (Document No. 74.)

By Per Curiam Opinion entered on August 23, 2011, the Fourth Circuit dismissed Plaintiff's appeal. Goforth v. Lappin, et al., Appeal No. 11-6510 (4th Cir. Nov. 23, 2011), Document Nos. 11. Subsequently, Plaintiff filed a Petition for Rehearing and Rehearing En Banc. Id., Document No. 12. On September 7, 2011, the Fourth Circuit entered a "Stay of Mandate Under Fed. R. App. P. 41(d)(1)." Id., Document No. 13. By Order entered on November 15, 2011, the Fourth Circuit denied Plaintiff's Petition for Rehearing and Rehearing En Banc. Id., Document No. 15. By Mandate entered on November 23, 2011, the Fourth Circuit directed that "[t]he judgment of this court, entered August 23, 2011, takes effect today." Id., Document No. 16. Plaintiff subsequently filed a Motion to Recall Mandate, which the Fourth Circuit denied on December 6, 2011. Id., Document Nos. 17 - 18. Plaintiff then filed a letter-form Notice of Appeal in the Fourth Circuit. Id., Document No. 19. By "Local Rule 40(d) Notice" filed on December 27, 2011, the Fourth Circuit notified Plaintiff that (1) "no further action will be taken in this matter by this court" and (2) a petition for writ of certiorari may be filed in United States Supreme Court within 90 days of the court's entry of judgment or denial of rehearing.[4] Id., Document No. 20.

---

[4] By Nunc Pro Tunc Order entered on April 17, 2012, the Court ordered that "the Clerk regard this action as STAYED and REMOVED from the active docket of this Court on April 12, 2011, and REINSTATED to the active docket of this Court as of December 27, 2011." (Document No. 92.)

On April 13, 2012, the undersigned entered a Scheduling Order setting forth deadlines for the completion of discovery and the filing of dispositive motions regarding Plaintiff's FTCA claim. (Document No. 87.) On May 7, 2012, the United States filed a "Motion to Dismiss Loss of Consortium Claim For Lack of Subject Matter Jurisdiction." (Document No. 97.) Specifically, the United States argues that Plaintiff's loss of consortium claim should be dismissed because "the court lacks subject matter jurisdiction over any claims for loss of consortium because the husband did not file an administrative tort claim." (Id.) As an Exhibit, the United States attaches a copy of Plaintiff's administrative claim. (Document No. 97-1.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 8, 2012, advising her of the right to file a response to the United States' Motion to Dismiss. (Document No. 99.) On May 29, 2012, Plaintiff filed her Response in Opposition to the United States' "Motion to Dismiss Loss of Consortium Claim For Lack of Subject Matter Jurisdiction." (Document No. 106.) Plaintiff alleges that she should not be required to exhaust because she did not know "how badly her mobility would be affected and how pain wound hinder her everyday activities." (Id., p. 1.) Plaintiff further argues that her claim is well within the statute of limitations. (Id., p. 2.)

On August 8, 2012, the United States filed its "Motion to Dismiss, and in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 120 and 121.) The United States argues that Plaintiff's FTCA claim should be dismissed based on the following: (1) "Plaintiff's claim is barred by the Inmate Accident Compensation Act, 18 U.S.C. § 4126" (Document No. 121, pp. 3 - 7.); (2) "The United States did not have actual or constructive knowledge of the liquid on the floor where Plaintiff fell" (Id., pp. 7 - 8.); (3) "Plaintiff's Bivens claim against the United States fails as a matter of law" (Id., pp. 8 - 9.); and (4) "Plaintiff's medical negligence claim fails as a matter of law" (Id., pp. 9 - 10.).

As Exhibits, the United States attaches the following: (1) A copy of the deposition of Plaintiff (Document No. 120-1, pp. 1 - 47.); (2) A copy of Plaintiff's "Guilty Plea and Plea Agreement" as filed in the United States District Court for the Northern District of Georgia in Criminal Action No. 1:05-301 (Id., pp. 48 - 71.); (3) A copy of the transcripts of the plea hearing as filed in the United States District Court for the Northern District of Georgia in Criminal Action No. 1:05-301 (Id., pp. 72 - 109.); and (4) A copy of the transcripts of the sentencing hearing as filed in the United States District Court for the Northern District of Georgia in Criminal Action No. 1:05-301 (Id., pp. 110 - 122.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 9, 2012, advising her of the right to file a response to the United States' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 122.) On October 10, 2012, Plaintiff filed her Response in Opposition and Memorandum in Support. (Document Nos. 127 and 128.) First, Plaintiff argues that she has standing to bring her claims. (Document No. 127, pp. 1 - 5.) Next, Plaintiff argues "exhaustion of remedies is not required as in a Section 1983 action." (Id., pp. 5 - 13.) Third, Plaintiff asserts that the Court has already denied the United States' argument that her claim is precluded by the Inmate Accident Compensation Act. (Id., pp. 17 - 18.) Plaintiff further asserts that there is "no evidence of record of an incident/accident." (Id., p. 18.) Fourth, Plaintiff argues that BOP officials were not aware of the water on the floor because "no investigation was done." (Id.) Finally, Plaintiff argues that prison staff and supervisor acted with deliberate indifference concerning Plaintiff's health and safety in violation of the Eighth Amendment. (Document No. 128.)

As Exhibits, Plaintiff attaches the following: (1) A copy of District Judge Faber's Memorandum Opinion and Judgment Order filed on September 29, 2010 (Document No. 127-1, pp.

1 - 11.); (2) A copy of pertinent Sections regarding the Inmate Accident Compensation (Id., pp. 12 - 20); (3) A copy of pertinent pages from Plaintiff's deposition (Id., pp. 21 - 22.); (4) A copy of Plaintiff's Declaration (Document No. 127-2, pp. 1 - 2.); (4) A copy a Declaration from Inmate Jean Kaufman (Id., pp. 3 - 4.); (5) A copy of a Declaration from Inmate Kathey Wright (Id., pp. 5 - 6.); (6) A copy of a Declaration from Jerri Kay Wilson, Plaintiff's sister (Id., pp. 7 - 8.); and (7) A copy of a Declaration from Vivian Diana Wheeler, Plaintiff's sister (Id., pp. 9 - 10.).

On October 10, 2012, the United States filed its Reply. (Document No. 129.) First, the United States notes that "Plaintiff's response does not raise any genuine issues of material fact to defeat the United States' Motion to Dismiss and in the Alternative Summary Judgment." (Id.) Next, the United States argues that the "declarations of Kaufman, Wright, and Wilson are legally insufficient to defeat the United States' motion;" "contain hearsay about what Plaintiff told defendants about her accident and her health;" "contain rumor and innuendo;" "contain lay opinions;" and "in other instances the declarants lack competency." (Id., pp. 1 - 2.) Plaintiff filed her Surreply on October 22, 2012, arguing that the Court should consider the foregoing declarations. (Document Nos. 130 and 131.) Plaintiff states that "each of her witness affidavits and or declarations are in fact based upon facts within their personal knowledge as each, with the exception of members, were personally present at Alderson before, during, and after the accident in question." (Id.)

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

**Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202

11

(1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

**1.      Inmate Accident Compensation Act:**

The Inmate Accident Compensation Act [IACA] provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Federal prisoners, however, cannot recover under the FTCA for work-related injuries as the Prison Industries Fund, 18 U.S.C. § 4126, provides the exclusive remedy for injuries incurred in work-related incidents. See United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). Recovery is barred under the FTCA for the work-related injury itself and for the negligent treatment of that injury. Vander v. U.S. Dept. of Justice, 268 F.3d 661 (9th Cir. 2001). A "work-related injury" is "defined to include any injury including occupational disease or illness proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a).  "Work location" is defined by the BOP as "any place that inmate is authorized to be performing his assignment." BOP Program State 1600.09. "The cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980)(per curiam). Section 4126 not only covers injuries incurred while working in the prison, but includes pre-existing medical conditions that are subsequently injured or exacerbated in work-related incidents. See Vander, *supra* 268 F.3d at 664; Wooten v. United States, 825 F.2d 1039 (6th Cir. 1987); Aston, 625 F.2d at 1211. Section 301.301(c), however, provides that "compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area)." 28 C.F.R. §

12

301.301(c).

In its Motion, the United States argues that Plaintiff cannot recover under the FTCA because her claims are barred by the IACA. (Document No. 121, pp. 3 - 7.) The United States argues that Plaintiff's injuries were work-related because her injuries occurred while she was in her work area. (Id.) The United States explains that Plaintiff's job was to clean the two shower areas, which were located on each end of her housing unit. (Id., p. 5.) The United States contends that "the hallway where Plaintiff fell was the route plaintiff would be required to travel to clean the showers at each end of the hallway." (Id..) Thus, the United States argues that Plaintiff's "work location was also the housing unit where she lived" and "the hallway was a place where plaintiff was authorized to be for her work." (Id.) Finally, the United States contends that Plaintiff was compensated for any travel time. (Id.)

In her Response, Plaintiff asserts that the Court has already denied the United States' argument that her claim is precluded by the IACA.[5] (Document No. 127, pp. 17 - 18.) Plaintiff contends that her injury was not work related because she was "going to work." (Id.) Plaintiff further argues that there is no evidence that prison officials ever considered her injuries as a workers compensation claim. (Id.)

Courts have broadly construed the term "work-related" injury. In Baynes v. United States, 302 Fed.Appx. 334 (6th Cir. 2008), the Sixth Circuit determined that an injury occurring during a trip to or from a job site, while on-the-clock, was a work-related injury. Baynes, 302 Fed.Appx. at 335-36; also see Payton v. United States, 2011 WL 3240487 (E.D.N.C. July 28, 2011)(although the injury

---

[5]  In his Memorandum Opinion and Order, Judge Faber stated that "[t]he United States may renew its motion if it becomes clear that Goforth's injuries were work-related." (Document No. 46, p. 6.)

occurred while plaintiff was traveling to lunch, the court concluded the injury was work-related because the injury occurred while plaintiff was still on-the-clock and being paid.) In <u>Wooten v. United States</u>, 437 F.2d 79 (5th Cir. 1971), the Fifth Circuit determined that an inmate suffered a work-related injury where the inmate was injured on the work site while traveling to lunch. <u>Wooten</u>, 437 F.2d at 80(finding inmate suffered a work-related injury while traveling on an elevator on his way to lunch). Courts are generally unwilling to determine that an inmate's injury is work-related absent evidence that the injury occurred during work activities, on the work site, or while the inmate was "on-the-clock." <u>See</u> <u>Goforth v. United States</u>, 2010 WL 3835541 (S.D.W.Va. Sep. 29, 2010)(denying summary judgment where there was "some evidence in the record to support [Plaintiff's] contention" that she was going to her job site at the time of her accident."); <u>Codianni-Robles v. United States</u>, 2005 WL 2098837 * 2 (D.Conn. Aug. 29, 2005)(the District Court denied the government's motion to dismiss finding inadequate evidence that plaintiff's injuries were work-related because "she had finished her work assignment earlier in the day" and a "different inmate was assigned to work at the time of her accident.").

Based upon a review of the facts, the undersigned finds that Plaintiff's injuries occurred while she was in her work area and the injuries were "work-related." The record reveals that Plaintiff worked as cottage maintenance within in her housing unit. On the day of her injury, Plaintiff's job duties required her to clean the two shower areas that were located down a hallway on each side of her cube. (<u>Id.</u>, pp. 27 - 28.) Plaintiff testified that while she was cleaning the shower area, she was ordered by a correctional officer to return to her cube for census count. (<u>Id.</u>, pp. 25, 31 - 32.) Plaintiff testified that it took approximately 5 to 10 minutes for census to be completed. (<u>Id.</u>, p. 32.) Once census was completed, Plaintiff testified that she exited her cube into the hallway to return to the

shower area.[6] (Id., pp. 25 and 28.) On her way back to the shower area, Plaintiff slipped and fell in the hallway injuring her left shoulder, hip, and lower back. (Id.) First, the undersigned finds that Plaintiff's injuries occurred while she was in her work area. The BOP defines a work location or work area as "any place the inmate is authorized to be performing his assignment." Baynes, 302 Fed.Appx. at 336(quoting BOP Program Statement 1600.08 (Aug. A1999)). The record reveals that the hallway where Plaintiff slipped and fell was the same area Plaintiff was required to travel to clean the shower areas at each end of the hallway within her housing unit. Therefore, the hallway was a place Plaintiff was authorized to be for performance of her work assignment. Next, the undersigned finds that Plaintiff's injuries occurred while she was on-the-clock. The record reveals that Plaintiff briefly left the shower area for census count as instructed by a correctional officer. Plaintiff does not dispute that she was on-the-clock and being paid while she was briefly away from the shower area. Thus, the undersigned finds that Plaintiff's injuries were work-related. See Baynes, 302 Fed.Appx. at 335-36; Payton, 2001 WL 3240487 at * 3; also see Adams v. United States, 2013 WL 4742880 (S.D.W.Va. Sept. 3, 2013)(J. Berger)(finding that plaintiff's injuries were work-related where plaintiff slipped and fell when returning to the kitchen after his "supervisor instructed him to leave the kitchen and to return when notified" and it was "undisputed that plaintiff was 'on-the-clock' and being paid while he was temporarily way from the kitchen"). Based on the foregoing, the undersigned recommends that the District Court grant the United States' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment."

2.    **Negligence:**

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Plaintiff's

---

[6] Plaintiff testified that her cube was approximately 35 to 40 feet away from the shower area. (Document No. 120-1, p. 28.)

claim of negligence. In its Motion, the United States first argues that the BOP did not have actual or constructive knowledge of the liquid on the floor. (Document No. 121, pp. 7 - 9.) The United States contends that "Plaintiff walked the same hallway minutes before she fell on her return and she did not know the liquid was on the floor." (Id., p. 8.) Additionally, the United States notes that "Plaintiff admitted that no one knew how the liquid got there." (Id.) The United States further argues that "[t]he liquid was on the floor for no more than 5 - 10 minutes according to plaintiff, which is insufficient time for defendant to have known about it." (Id.) In Response, Plaintiff merely argues that BOP officials were not aware of the water on the floor because "no investigation was done." (Document No. 127, p. 18.)

"[T]he mere happening of an accident is legally insufficient to establish liability." See McMillion v. Selman, 193 W.Va. 301, 303, 456 S.E.2d 28, 30 (1995). There must be evidence in this case of alleged negligence, i.e., that the United States owed Plaintiff a duty to take care and breached it through some act, or omission to act, as should have been reasonably expected to result in Plaintiff's fall and produce Plaintiff's injury thereby causing his fall and injury. In other words, Plaintiff must point to facts which indicate that the United States' negligence was the proximate cause of his fall and injury. See Judy v. Grant County Health Dep't, 210 W.Va. 286, 291 - 92, 557 S.E.2d 340, 345 - 46 (2001). Generally, under West Virginia law the *sine qua non* of premises liability is "foreseeability that harm may result [to a person lawfully upon the premises] if [care] is not exercised." Mallet v. Pickens, 206 W.Va. 145, 522 S.E.2d 436 (1999). The West Virginia Supreme Court of Appeals stated as follows in Mallet, 206 W.Va. at 446 - 447, 522 S.E.2d at 155 - 156:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of a general nature of that suffered was likely to result?
> * * *

16

We hold that, in determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of the injury; (3) the time, manner, and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.

Possessors of property "are not insurers of the safety of every person legitimately entering the property." Hersh v. E-T Enterprises, Ltd., 232 W.Va. 305, 31, 752 S.E.2d 336, 348 (2013). Additionally, "[p]ossessors of property do not have a duty to eliminate every potential hazard; they only have a duty to take reasonable steps to ameliorate the risk posed by the hazard where it is foreseeable that harm is likely to result from the hazard." Id.

The Court finds that there are no genuine issues of material fact. On November 7, 2006, Plaintiff traveled from the shower area where she was working to her cube for census count. (Document No. 120-1, p. 25.) Plaintiff  testified that she did not see any liquid on the floor of the hallway as she traveled from the shower area to her cube. (Id., p. 29.) Plaintiff acknowledged that census count took approximately 5 to 10 minutes. (Id., p. 32.) Plaintiff testified that upon completion of the census count, she traveled down the same hallway to return to the shower area. (Id., p. 29.) Plaintiff testified that as she was returning to the shower area, she stepped in a puddle of liquid approximately 6 to 8 inches wide causing her to slip and fall. (Id.) Plaintiff acknowledged that she did not observe the liquid in the floor when she traveled the same hallway to her cube approximately 10 minutes earlier. (Id.) The record contains no evidence that prison staff knew, or should have known, the liquid was on the floor. Based on the foregoing, the undersigned finds that it was not foreseeable that Plaintiff would be harmed because prison staff had no actual or constructive knowledge of the liquid on the floor. Accordingly, considering the Mallet factors – the foreseeability to the staff at FPC Alderson and Plaintiff that Plaintiff's injuries would occurred; the nature of

17

Plaintiff's injuries; the time, manner and circumstances under which they occurred; and the intended use of the premises where Plaintiff was injured – and the responsibility of Plaintiff as legally established, the Court concludes that the staff at FPC Alderson did not breach the duty to use care in the maintenance of the premises and the United States cannot therefore be held liable under the FTCA. The undersigned, therefore, recommends that the United States' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" be granted.

**3.**     **Bivens Claim:**

In her Amended Complaint, Plaintiff argues that the United States acted with deliberate indifference to her health and safety in violation of her Eighth Amendment rights. (Document No. 69.) In its Motion, the United States argues that Plaintiff's Bivens claim against the United States fails as a matter of law. (Document No. 121.) In Response, Plaintiff continues argue that the United States violated her constitutional rights. (Document No. 128.)

First, the undersigned finds that Plaintiff may not properly bring a <u>Bivens</u> action against the United States. A <u>Bivens</u> action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. <u>See</u> <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; <u>See also</u> <u>Carlson v. Green</u>, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending <u>Bivens</u> to Eighth Amendment claims); <u>Davis v. Passman</u>, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending <u>Bivens</u> to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) <u>Bivens</u> claims, however, are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th

Cir. 1999). Furthermore, the Court has already considered and dismissed Plaintiff's <u>Bivens</u> claims against the individual defendants. (Document Nos. 54 and 55.) Accordingly, the undersigned recommends that the United States' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" be granted as to the foregoing claim.

**4.      Claim of Medical Negligence:**

In her Amended Complaint, Plaintiff argues that the United States and medical staff ast FPC Alderson committed medical malpractice. (Document No. 69, p. 4.) In its Motion, the United States argues that Plaintiff's medical negligence claim must be dismissed. (Document No. 121.)  First, the United States notes that "[t]he court has previously dismissed an identical claim for plaintiff's failure to comply with W. Va. Code. § 55-7B-6." (<u>Id</u>., p. 9.) Next, the United States contends that "Plaintiff has not complied with this code section and dismissal of the medical negligence claim is again appropriate." (<u>Id</u>.) In Response, Plaintiff appears to argue that she has standing to bring her claims. (Document No. 127, pp. 1 - 5.)

Based upon a review of the record, the undersigned finds that Plaintiff's medical negligence claim must be dismissed. First, the Court has already considered and dismissed the foregoing claim based upon Plaintiff's failure to comply with the MPLA. (Document Nos. 46 and 47.) Furthermore, there is no indication that Plaintiff has since complied with the requirements of the MPLA.[7]

---

[7]  Under West Virginia law, a plaintiff must satisfy certain prerequisites prior to filing suit against a health care provider. Specifically, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to filing suit. W. Va. Code § 55-7B-6. Compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. *Stanley v. United States*, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004); *also see Starns v. United States*, 923 F.2d 34 (4th Cir. 1991)(holding that Virginia's medical malpractice liability cap applies to claims brought against the United States under the FTCA). West Virginia Code § 55-7B-6(c), however, provides that no screening certificate

Accordingly, the undersigned respectfully recommends that the District Court grant the United States' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" concerning the foregoing claim.

**5.     Loss of Consortium Claim:**

The Federal Tort Claims Act is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. See 28 U.S.C. § 2675(a)[8]. See also Bellomy v. United States, 888 F. Supp. 760 (S.D.W.Va. 1995). Filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (citing Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986), Muth v. United States, 1 F.3d 246 (4th Cir. 1993). Thus, before an individual can bring a claim under the Federal Tort Claims Act, the individual must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11[9] and 543.30 to 543.32. The administrative process

of merit is necessary where "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care."

[8]  Title 28 U.S.C. § 2675(a) provides that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[9]  Title 28 C.F.R. § 14.2(a) provides that

a claim shall be deemed to have been presented when a Federal agency receives from

which individuals must exhaust when they have complaints under the Federal Tort Claims Act is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the individual must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. Id., § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the individual's claim as the circumstances may require, Id., §§ 14.6 and 14.8, the agency may deny or approve the individual's claim. If the agency denies the individual's claim, he may file suit in the District Court within six months of the mailing of the denial. Id., § 14.9(a).

The United States argues that Mr. Goforth's claim for loss of consortium should be dismissed for failure to exhaust. (Document No. 97.) Specifically, the United States contends that "the court lacks subject matter jurisdiction over any claims for loss of consortium because the husband did not file an administrative tort claim." (Id.) In Response, Plaintiff alleges that she should be excused for exhausting because she did not know "how badly her mobility would be affected and how pain wound hinder her everyday activities." (Document No. 106, p. 1.) As stated above, filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed, 30 F.3d at 516; also see Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)(finding that a court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). In DuPont v. United States, 980 F.Supp. 192, 196 (S.D.W.Va. Nov. 3, 1997), this Court recognized that a loss of consortium claim is an independent cause of action, which the FTCA

---

a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . for personal injury . . . alleged to have occurred by reason of the incident[.]

requires to be submitted for administrative determination prior to bringing the claim to federal court.

DuPont v. United States, 980 F.Supp. 192, 196 (S.D.W.Va. Nov. 3, 1997)(stating that Mr. DuPont

failed to exhaust where there was "no evidence that Mr. DuPont joined Mrs. DuPont's administrative

claim, and a spouse may not presume that his or her own independent claim is automatically raised

or implied in the administrative claim of the other spouse.") Based upon a review of the record, it is

undisputed that Mr. Goforth failed to file an administrative tort claim prior to filing the instant action.

Accordingly, the undersigned finds that Plaintiff's claim must be dismissed for failure to exhaust.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

the District Court **GRANT** the United States' "Motion to Dismiss Loss of Consortium Claim for

Lack of Subject Matter Jurisdiction" (Document No. 97.), **GRANT** the United States' "Motion to

Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 120), **DISMISS**

Plaintiff's Complaints (Document Nos. 1 and 69,.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and

Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 1, 2015.

R. Clarke VanDervort
United States Magistrate Judge