```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

VIRGINIA ARLENE GOFORTH, et al.,

    Plaintiffs,

v.                                           CIVIL ACTION NO. 1:09-0003

UNITED STATES OF AMERICA,
et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation ("PF&R") on June 1, 2015, in which he recommended that the district court grant the United States' motion to dismiss the loss of consortium claim for lack of subject matter jurisdiction (Doc. No. 97); grant the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. No. 120); dismiss plaintiff's complaints, and remove this matter from the court's active docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file

such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed objections to the PF&R.[1]  The court has conducted a de novo review of plaintiff's complaint and her objections to the magistrate judge's PF&R.

### I.   Factual and Procedural Background

On January 5, 2009, Virginia Arlene Goforth, a former inmate at Alderson Federal Prison Camp, and her husband, filed their Complaint in this matter seeking entitlement to damages under 42 U.S.C. § 1983.  Goforth alleges that, during her confinement at FPC Alderson, she was subjected to cruel and unusual punishment in that defendants acted with deliberate indifference concerning her medical care and overall well-being.  Goforth contends that defendants acted with negligence and deliberate indifference concerning an injury to her left hip, shoulder, and thoracic spine as a result of a slip and fall.  Goforth requests "$2.9 million dollars in relief" and "seeks punitive damages in the amount of $1.9 million dollars, to discourage future willful indifference, negligence, and cruel misconduct."  Goforth's husband seeks damages for loss of consortium.

---

[1] The court granted plaintiff's motion for an extension of time to file her objections, giving her until August 1, 2015, to do so.

In screening Goforth's complaint, Magistrate Judge VanDervort determined that plaintiff had potentially stated a claim under the Federal Tort Claims Act ("FTCA") but that she had not stated one under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-97 (1971). By Memorandum Opinion and Order entered on April 14, 2010, the court referred the matter back to Magistrate Judge VanDervort for reconsideration of plaintiff's <u>Bivens</u> claim in light of additional facts provided by plaintiff.  On March 29, 2011, and over the objection of Goforth, the court granted the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to plaintiff's <u>Bivens</u> claim.

With respect to the chronology surrounding plaintiff's FTCA claim, it is summarized in the PF&R at pages 4-10.  However, as noted above, Magistrate Judge VanDervort has recommended that Goforth's FTCA claim be dismissed.[2]  In doing so, he concluded that her claim was barred by the Inmate Accident Compensation Act ("IACA").

Plaintiff has raised a number of objections to the PF&R.  However, a number of those objections are not directed to the specific PF&R at issue herein.  Plaintiff's objections regarding

---

[2] Magistrate Judge VanDervort also recommended dismissal of the loss of consortium claim.  In her objections, Goforth conceded that the claim should be dismissed.  <u>See</u> Objections at p. 40.

the dismissal of her medical negligence claim are OVERRULED as this court dismissed that claim on September 29, 2010.  (Docs. No. 46 and 47).  Likewise, to the extent that plaintiff is objecting to the court's earlier dismissal of her Bivens claim against certain defendants, such objections are OVERRULED.  As to any objection on plaintiff's part that the Bivens claim against the United States should not have been dismissed, that argument fails.  Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities.  See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("If federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity.  The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP.").  Accordingly, her objection is OVERRULED.

  Plaintiff also contends that the United States' Motion to Dismiss or, in the alternative, for Summary Judgment is untimely.  Plaintiff is mistaken.  Federal Rule of Civil Procedure 56(b) provides that "[u]nless a different time is set by local rule or the courts orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all

discovery." By Order entered on May 3, 2012, the court set a deadline of September 3, 2012, for the filing of dispositive motions. (Doc. No. 96). The United States filed its dispositive motion on August 8, 2012. Accordingly, the motion was timely filed and plaintiff's objection is OVERRULED.

The majority of plaintiff's objection is directed to the magistrate judge's conclusion that the IACA provides the exclusive remedy for the injuries she sustained on November 7, 2006. The IACA provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). Federal prisoners, therefore, cannot recover under the FTCA for work-related injuries as "the IAC workers compensation system is the exclusive means of compensation for injuries suffered by inmates" in work-related incidents. Codianni-Robles v. United States, 2005 WL 2098837, *2 (D. Conn. 2005); see also United States v. Demko, 385 U.S. 149, 152-54 (1966) ("Until Congress decides differently we accept the prison compensation law as an adequate substitute for a system of recovery by common-law torts."). Recovery is barred under the FTCA for the work-related injury itself and for the negligent treatment of that injury. Vander v. U.S. Dept. of Justice, 268 F.3d 661, 663-64 (9th Cir. 2001). A "work-related injury" is "defined to include any injury

including occupational disease or illness proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). "[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980).

The IACA "is patterned after 'compensation laws all over the country,' with differences to accommodate the differing circumstances of prisoners and nonprisoners." Baynes v. United States, 2008 WL 4613563, *2 (6th Cir. 2008) (quoting Demko, 385 U.S. at 152). A typical feature of workers' compensation law is the "coming and going rule" which, with certain exceptions, excludes from coverage accidents occurring while an employee is going to or leaving work. Id. at *2-3. The IACA regulations contain such a rule, providing that "compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area." 28 C.F.R. § 301.301(c). However, workers' compensation law also contains a caveat that "[a] demonstration that travel time was specifically paid for is one of the most reliable ways of making a case for the compensability of a going or coming trip, and is ordinarily sufficient in itself to support such a finding." Id.

6

at *2 (quoting Larson's Workers' Compensation Law § 14.06 (2008)).

The court agrees with Magistrate Judge VanDervort's conclusion that plaintiff's injuries were work-related.[3] The record shows that Goforth worked as cottage maintenance within her housing unit and that, on the date of her injury, she was working. See Deposition of Virginia Arlene Gorforth, July 19, 2012 (hereinafter "Goforth Depo. at p.___") at pp. 25-26. On the day in question, Goforth was cleaning bathrooms that were located down a hallway on each side of her cube. See id. at pp. 26-28. Plaintiff testified that while she was cleaning one of the bathrooms, she was ordered to return to her cube for a census count.[4] See id. at pp. 25, 30-31. She further testified that it

---

[3] To the extent that plaintiff continues to rely on this court's earlier denial of the United States' motion to dismiss based upon its contention that her injury was covered by the IACA, see Docs. No. 46 and 47, she reads too much into the court's earlier decision. In that opinion, the court merely found that the United States had not carried its burden of showing conclusively that Goforth's injury was work-related. However, the evidence now before the court, including plaintiff's own deposition, provides a much clearer picture of the circumstances surrounding her injury and there is no genuine issue of material fact to preclude the entry of summary judgment.

[4] According to plaintiff, a census count is essentially a head count to make sure all prisoners are present and accounted for. As she stated:

Q: Now, tell me what happens when someone calls the census?

A: Okay, the officer comes in and they yell census and then they tell you whether or not to come to the front, where the officers['] station is, or to go to your cube, and then the officer goes around to each cube, in

took approximately 5 to 10 minutes for the census count to be completed. See id. at p. 32. After the count was completed, Goforth testified that she exited her cube into the hallway to return to the bathroom and that the cube was approximately 35 to 40 feet from the shower area. See id. at pp. 28-29. On her way back to the shower area, plaintiff slipped and fell in the hallway where she injured her left shoulder, hip, and lower back. See id. at pp. 25, 28-29, 32, 37-38. Plaintiff was on-the-clock when she fell. See id. at pp. 38-39.

Although it was also where she lived, there is no dispute that plaintiff's accident occurred in a work area. Goforth was employed as a cottage maintenance worker and she was in a cottage. The BOP defines work location or work areas as "any place the inmate is authorized to be performing his assignment." Baynes v. United States, 302 F. App'x 334, 2008 WL 4613563, *2 (6th Cir. Oct. 15, 2008) (quoting BOP Program Statement 1600.08, 19 (Aug. 1999)). The hallway where plaintiff fell was the route she had to travel to reach the bathroom and, thus, was a place where she was authorized to be for work.

Second, she was being paid at the time of her accident. Combined with the fact that plaintiff was merely away from the

---

> this case, and counts the number of people, with your name and your number, and that's how they determine if they have everybody where they are supposed to be.

Goforth Depo. at pp. 30-31.

shower area for a mere 5-10 minutes for the census count, that she was being paid at the time is further evidence that her injury is work-related. The coming and going rule is not implicated because plaintiff was not outside the work area when her injury occurred.

Courts have consistently found injuries to be work-related within the meaning of the IACA based upon similar factual scenarios. See, e.g., Baynes v. United States, 302 F. App'x 334, 2008 WL 4613563, *3 (6th Cir. Oct. 15, 2008) (injury suffered on bus traveling to work site, while on the clock, covered by IACA); Wooten v. United States, 437 F.2d 79, 80 (5th Cir. 1971) (holding that inmate suffered a work-related injury while going to lunch in a different building); Mays v. United States, Civil No. 3:CV-13-0522, 2013 WL 6709761, *3 (M.D. Pa. Dec. 18, 2013) ("Further, while Mays argues that he was `in recess for short line lunch' at the time of the slip and fall, courts have found that injuries which occurred inside the work station or area while an inmate was going to or from work or to or from a meal break during work, are exclusively covered by the IAC."); Adams v. United States, 2013 WL 4742880, *9 (S.D.W. Va. Sept. 3, 2013) (finding that plaintiff's injuries were work-related where plaintiff slipped and fell when returning to the kitchen after his "supervisor instructed him to leave the kitchen and to return when notified" and it was "undisputed that plaintiff was `on-the-clock' and

being paid while he was temporarily away from the kitchen."); Payton v. United States, No. 5:09-CT-3050-BO, 2011 WL 3240487, *3 (E.D.N.C. July 28, 2011) (finding injury to be work-related where "accident occurred in an area that was a work area" and prisoner was being paid at time of accident); Gomez v. Warden of the Otisville Correctional Facility, No. 99 Civ. 9954 (AGS), 2000 WL 1480478, *1-2 (S.D.N.Y. Sept. 29, 2000) (injury covered by IACA where plaintiff who had been "cleaning, wet mopping and waxing" floor was ordered by prison official to stop that "work assignment and instead proceed immediately to another location" slipped on the floor while doing so). For all these reasons, the totality of the circumstances leads the court to conclude that Goforth's injury was work-related and her objection is OVERRULED.

### III. Conclusion

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **GRANTS** the United States' Motion to Dismiss the loss of consortium claim for lack of subject matter jurisdiction; **GRANTS** the United States' Motion for Summary Judgment as to plaintiff's FTCA claim; **DISMISSES** plaintiff's complaints; and **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 14th day of August, 2015.

        ENTER:

        _David A. Faber_
        David A. Faber
        Senior United States District Judge